NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1794

UNITED STATES OF AMERICA

v.

AESHA SIMS,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 07-cr-00298-01
(Honorable Stewart Dalzell)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2010

Before: SCIRICA, CHAGARES and WEIS, *Circuit Judges*.

(Filed: May 26, 2010)

OPINION OF THE COURT

SCIRICA, *Circuit Judge*.

Appellant Aesha Sims was convicted by a jury of aiding and abetting a bank

robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2, and conspiracy to commit

bank robbery in violation of 18 U.S.C. § 371. She challenges the sufficiency of the evidence to support her conviction.[1] We will affirm.

## I.

Samuel Cruz robbed the Wachovia Bank at West Olney Avenue in Philadelphia at 10:09 the morning of June 9, 2006. Three individuals assisted Cruz in planning and executing the bank robbery: Sabina Andrews, Tony Thompson, and appellant Aesha Sims, the bank teller from whom Cruz received over $28,000. Cruz pled guilty to this robbery. Because of their conduct, Sims, Andrews, and Thompson were convicted of aiding and abetting bank robbery and conspiracy to commit bank robbery. Testimony and phone records show Sims provided information to her friend Andrews, who then relayed it to Thompson, the person directing Cruz's actions that morning.

The record establishes frequent communication between Sims and Andrews during the three hours preceding the robbery. Sims called Andrews seven times between 7:37 and 8:20. Andrews reciprocated Sims' calls with three of her own: 7:50, 7:59, and 8:16. Additionally, the Wachovia Bank business phone records show two calls from the bank to Andrews, one at 8:57 and one at 9:04.

One minute after Andrews received a phone call from the bank, she called Thompson. Thompson, in turn, called Cruz's father's home. Cruz testified he spoke that

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

morning with Thompson on the phone and in person about the details of the robbery. While Thompson and Cruz took a taxi cab from Cruz's neighborhood to West Olney Avenue, Thompson received a phone call from Andrews, whereupon he instructed Cruz to approach Sims, the female teller sitting at the second to last window from the end who had "dark skin and braids."

Having entered the bank's back door, Cruz got in the line, then stepped out of the line, and then entered it again. He allowed another person to pass him so that he could approach Sims' window. When Cruz presented a deposit slip to Sims, she told him she needed more information. Cruz then took a note from his bag which demanded the money. Sims violated bank policy by handing Cruz banded bills from her second drawer rather than giving him "loose" money from her top drawer.

Sims' duties at the bank on June 9, 2006 included ensuring the video cameras functioned correctly. That morning, Sims reported in the bank logbook that the videotape for the bank lobby and teller area was missing. The bank's security guard testified he saw Sims "in the immediate area where the videotapes were" but did not see her place a videotape into the machine. When authorities questioned her, Sims could not explain the missing videotape.

## II.

When reviewing a sufficiency of the evidence claim, we apply a deferential standard of review. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We will

review the evidence in the light most favorable to the government and will affirm if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted).

After evaluating the evidence, a jury decided Sims assisted Cruz in procuring money from the bank and deemed her a principal in aiding and abetting bank robbery. Under 18 U.S.C. § 2, "[w]hoever commits an offense against the United States or aids, abets, counsels . . . or procures its commission, is punishable as a principal."[2] Additionally, the jury found Sims guilty of conspiracy to commit bank robbery.[3] The essential elements of conspiracy are "a shared unity of purpose; an intent to achieve a common goal; and an agreement to work together toward the goal." *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006) (citing *United States v. Mastrangelo*, 172 F.3d 288, 292 (3d Cir. 1999)). In order to prove a conspiracy, aid must be given by one

---

[2]The substantive offense of bank robbery is defined by U.S.C. § 2113(a), which states "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person for presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of , any bank, credit union, or any savings and loan association . . . shall be fined under this title or imprisoned not more than twenty years, or both."

[3] The crime of conspiracy occurs when "two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined . . . or imprisoned." 18 U.S.C. § 371.

4

conspirator to the others to further the scheme. *Id.* at 495 (citing *United States v. Reyes*, 930 F.2d 310, 312–13 (3d Cir. 1991)).

Based on the evidence presented at trial, a rational trier of fact could have found Sims aided and abetted the bank robbery and joined the conspiracy to rob the bank. Cruz testified that Thompson told him which bank teller to approach. Thompson also informed Cruz that this teller controlled the bank's surveillance cameras and that the teller intended to share in the proceeds of the robbery.

Moreover, Sims assisted Cruz's robbery through her communication with Andrews. A series of telephone calls between Sims and Andrews occurred just minutes before the robbery occurred. Corroborating Sims' assistance in the robbery, Andrews made four calls to Thompson and Thompson twice contacted Cruz. Within this period, from 8:57 a.m. to 9:14 a.m., two calls came from the Wachovia Bank to Andrews' cell phone. Immediately thereafter, Andrews phoned Thompson. Thompson followed that phone call with a call to Cruz.

Additionally, testimony and phone records show Thompson spoke with Andrews while he traveled to the bank with Cruz. Thompson relayed critical information to Cruz, including a description matching Sims and where Sims would be stationed in the bank that day.

Finally, Sims was unable to explain to authorities the surveillance camera malfunction and why she gave Cruz money from her second drawer in violation of the

5

bank's policy. All of this evidence, taken together with reasonable inferences viewed in the light most favorable to the government, could lead a rationale trier of fact to conclude Sims aided Cruz as part of an agreement to rob the bank.

It was not irrational for the jury to conclude Sims' actions were in furtherance of the criminal scheme and aided Cruz in the robbery. Considering the telephone records of Sims' conversations, Sims' responsibility to maintain the surveillance camera, its subsequent malfunction, and her use of the second drawer in violation of bank policy, a rational trier of fact could conclude Sims was a principal in the robbery. Accordingly, we will affirm the jury's verdict convicting Sims of conspiracy to commit bank robbery and the underlying offense of aiding and abetting a bank robbery.[4]

### III.

For the foregoing reasons, we will affirm Sims' conviction.

---

[4] Sims also argues we should grant a new trial under Federal Rule of Criminal Procedure 33 because the verdict is against the weight of the evidence, relying on her sufficiency of the evidence arguments. "Motions for a new trial based on the weight of the evidence are not favored. . . . Such motions are to be granted sparingly and only in exceptional cases." *Gov't of the V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987) (citing *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985)). We reject this argument because the evidence sufficiently supports the jury's verdict. Accordingly, Sims is not entitled to a new trial.